1  DENTE LAW, P.C.
   MATTHEW S. DENTE (SBN: 241547)
2  matt@dentelaw.com
   5040 Shoreham Place
3  San Diego, CA 92122
   Telephone: 619.550.3475
4  Facsimile: 619.342.9668

5  MESERVY LAW, P.C.
   LONDON D. MESERVY (SBN: 216654)
6  london@meservylawpc.com
   401 West A Street, Suite 1712
7  San Diego, CA 92101
   Telephone: 858.779.1276
8  Facsimile: 866.231.8132

9  THE PENDERGAST LAW FIRM, PC
   RORY K. PENDERGAST (SB# 266765)
10 3019 Polk Avenue
   San Diego, CA 92104
11 Telephone: 1-619-344-8699
   Facsimile: 1-619-344-8701
12 rory@rorylaw.com

13 Attorneys for Plaintiff Aimee Cordova
14 and for Members of the Class and Subclasses

15              UNITED STATES DISTRICT COURT

16              SOUTHERN DISTRICT OF CALIFORNIA

17

18 AIMEE CORDOVA, Individually and on        Case No.:    3:20-cv-2425-JLS (MDD)
   Behalf of Other Members of the Public
   Similarly Situated,                       **CLASS ACTION**
19
                                             **REPRESENTATIVE ACTION**
20 Plaintiff,                                **[AS TO PLAINTIFF'S NINTH
                                             THROUGH FIFTEENTH CLAIMS
21 v.                                        FOR RELIEF]**

22 BAE SYSTEMS, INC., BAE SYSTEMS            **FIRST AMENDED COMPLAINT
   TECHNOLOGY SOLUTIONS &                    FOR:**
23 SERVICES, INC. AND DOES 1-10,
   INCLUSIVE,                                **(1) FAILURE TO PROVIDE MEAL
24                                           PERIODS;**
   Defendants.
25                                           **(2) FAILURE TO PROVIDE REST
                                             PERIODS;**
26
                                             **(3) FAILURE TO PAY OVERTIME
27                                           WAGES (CALIFORNIA LABOR
                                             CODE);**
28
                                             **(4) FAILURE TO PAY OVERTIME**

**WAGES (FLSA);**

**(5) FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS;**

**(6) FAILURE TO PAY ALL WAGES ON SEPARATION;**

**(7) FAILURE TO REIMBURSE BUSINESS EXPENSES;**

**(8) UNFAIR COMPETITION;**

**(9) VIOLATION OF CALIFORNIA LABOR CODE § 226(A) BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE §2698, ET SEQ.);**

**(10) VIOLATION OF CALIFORNIA LABOR CODE §§ 201-203 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE §2698, ET SEQ.);**

**(11) VIOLATION OF CALIFORNIA LABOR CODE § 510 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE §2698, ET SEQ.);**

**(12) VIOLATION OF CALIFORNIA LABOR CODE § 512 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE §2698, ET SEQ.);**

**(13) VIOLATION OF CALIFORNIA LABOR CODE § 226.7 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE §2698, ET SEQ.);**

**(14) VIOLATION OF CALIFORNIA LABOR CODE § 2802 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE §2698, ET SEQ.); AND**

**(15) VIOLATION OF CALIFORNIA**

LABOR CODE §§ 558 AND 1198
BROUGHT UNDER THE LABOR
CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004 (CAL. LAB.
CODE §2698, ET SEQ.); AND

**DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMES NOW Plaintiff Aimee Cordova ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against BAE Systems Technology Solutions & Services, Inc. ("Defendant").

## **VENUE**

1. This action was originally filed in the Superior Court of the State of California, County of San Diego, Case No. 37-2020-000413266-CU-OE-CTL.

2. On December 11, 2020, Defendant removed this action under 28 U.S.C. § 1332 (diversity jurisdiction) alleging that the amount in controversy for Plaintiff exceeded $75,000, exclusive of interest and costs, and that Plaintiff and Defendant are citizens of different states.

3. Because this action was originally filed in the Superior Court of the State of California, venue lies in the Southern District of California under 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## **PARTIES**

4. Plaintiff Aimee Cordova is, and at times mentioned in the Complaint was, a resident of San Diego County, California. Plaintiff was, and continues to be employed by Defendant as a Forensic Analyst in California from approximately March 2011 through the present.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein Defendant is a corporation organized and existing under the laws of Delaware, and was at times mentioned herein licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendant did and continues to transact business in California. Another entity, BAE Systems, Inc., was previously named in the action but dismissed without prejudice.

6. Whenever in this Complaint reference is made to any act, deed, or conduct of Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendant.

## ALLEGATIONS REGARDING PAGA REPRESENTATIVE ACTION

7. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

8. On November 17, 2020, Plaintiff gave notice under the California Labor Code Private Attorneys General Act of 2004, California Labor Code §2698, et seq. ("PAGA") to the California Labor and Workforce Development Agency ("LWDA") and Defendant of her intent to bring this action for civil penalties for violations committed against her and other current and/or former Forensic Analyst Employees of Defendant. Over sixty-five calendar days passed since Plaintiff gave notice to the LWDA and Defendant. The LWDA has not provided Plaintiff with any response to Plaintiff's notice. Accordingly, under California Labor Code §2699.3(a)(2)(A), Plaintiff is entitled to bring these claims on a representative basis under PAGA.

9. Plaintiff brings her Ninth through Fifteenth Claims for Relief on a representative basis for recovery of penalties under PAGA. *See Arias v. Super. Ct.*, 46 Cal. 4th 969 (2009). PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of himself or herself and other current and/or former employees, on a representative basis, to address an employer's violations of the California Labor Code. In this case, Defendant violated California Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 512, 558, 1198, and 2802 as set forth more fully below. Plaintiff seeks PAGA penalties on behalf of herself, Defendant's other current and former Forensic Analysts, and the State of California.

10. Plaintiff's Ninth through Fifteenth Claims for Relief are suitable for treatment as representative actions under PAGA for the following reasons:

(a) The violations set forth in Plaintiff's Ninth through Fifteenth Claims for Relief allege violations of the California Labor Code for which the Code provides a civil penalty to be assessed and recovered by the LWDA or any department, division, commission, boards, agencies, or employees, or for which a penalty is provided for under California Labor Code §2699(f);

(b)     Plaintiff is an "aggrieved employee" because she was employed as a Forensic Analyst employee by Defendant and had one or more of the offending violations committed against her – including within the year prior to filing Plaintiff's PAGA exhaustion letter and the year preceding the original Complaint;

(c)     Plaintiff seeks to recover PAGA penalties on behalf of herself and other "current and former employees";

(d)     Plaintiff has complied with the requirement to commence a civil action under California Labor Code §2699.3;

(e)     Plaintiff has complied with the exhaustion requirements of PAGA by providing the statutorily required notice to Defendant and the LWDA on April 15, 2020 concerning the PAGA claims Plaintiff intends to pursue. More than sixty-five days have elapsed since Plaintiff served the PAGA notice; and

(f)     "current and former employees," for the purposes of the PAGA claims, include any and all persons who are or were employed by Defendant as a Forensic Analyst in the state of California.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff also brings this action on behalf of herself and as a representative of a class and subclasses as defined by Rule 23 of the Federal Rules of Civil Procedure.

12.     All claims alleged herein arise under California law and the federal Fair Labor Standards Act for which Plaintiff seeks relief as authorized by California and federal law.

13.     The proposed Class is comprised of and defined as:

Any and all persons who are or were employed by Defendant as Forensic Analysts (of any level and all similar positions however titled), in the State of California within the four years prior to the filing of the original complaint in this action until resolution of this lawsuit (herein collectively referred to as the "Class" or "Class Members").

14.     The proposed Paystub Subclass is comprised of and defined as:

All Class Members employed by Defendant at any time within one year prior to the filing of the original complaint in this action until resolution of this lawsuit (herein collectively referred to as the "Subclass" or "Subclass Members").

15.     The proposed Waiting Time Subclass is comprised of and defined as:

> All Class Members whose employment with Defendant ended at any time within three years prior to the filing of the original complaint in this action until resolution of this lawsuit (collectively "Waiting Time Subclass Members").

16.     There is a well-defined community of interest in this litigation and the members of the Class and Subclasses are easily ascertainable as set forth below:

(a)     Numerosity: The members of the Class and Subclass are so numerous that joinder of all Class Members and Subclass Members would be unfeasible and impractical. The membership of the entire Class is estimated to be greater than thirty (30) individuals, The number of employees in the Class and Subclass and the identity of those individuals is readily ascertainable by inspection of Defendant's employment records.

(b)     Typicality: Plaintiff is qualified to and will fairly and adequately protect the interest of each Class Member and Subclass Member. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any Class Member and/or Subclass Member, and the relief sought is typical of the relief which would be sought by each of the Class Members and/or Subclass Members in separate actions. All Class Members have been similarly harmed by being denied wages, including premium/overtime wages and meal and rest breaks. All Subclass Members have been similarly harmed by being provided with non-compliant itemized wage statements and, with respect to the waiting time penalty class, each subclass member was denied timely payment of final wages. Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member and Subclass Member.

(c)     Adequacy: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member and Subclass Member. Plaintiff acknowledges she has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member and/or Subclass Member. Plaintiff's attorneys and the proposed Class and Subclass counsel are versed in the rules governing class action discovery, certification, and settlement and experienced in handling such matters.

(d)     Superiority: The nature of this action makes the use of class action

adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclass, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of the Class Members' and/or Subclass Members' rights and the disposition of their interests through actions to which they were not parties.

(e)     Public Policy Considerations: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.

17.     There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual members including, but not limited to:

(a)     Whether, due to the practice of universally classifying Class Members as exempt from overtime, Defendant failed to pay legally required premium overtime compensation to Plaintiff and Class Members for hours Plaintiff and Class Members worked in excess of eight (8) hours per day, forty (40) hours per week, and double time wages for work over twelve (12) hours per day;

(b)     Whether Defendant failed to provide paid rest breaks to Plaintiff and Class Members in accordance with Labor Code §226.7 and the applicable Industrial Welfare Commission ("IWC") Wage Order;

(c)     Whether Defendant failed to provide meal breaks to Plaintiff and Class Members in accordance with Labor Code §512 and the applicable IWC Wage Order;

(d)     Whether Defendant failed to provide Plaintiff and Subclass Members with wage statements that complied with the requirements of the California Labor Code § 226;

(e)     Whether, as a result of the foregoing conduct, Defendant willfully failed

to pay Waiting Time Subclass Members all wages due and owing on termination in violation of California Labor Code §§ 201-202;

      (f)    Whether Defendant engaged in unfair competition in violation of California Business & Professions Code §§ 17200, et seq.; and

      (g)    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violations of California law.

## **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

18.    Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

19.    Plaintiff was employed by Defendant as a Forensic Analyst in California from approximately March 2011 through the present.

20.    At all material times hereto, Plaintiff performed her essential job duties and responsibilities as expected by Defendant.

21.    At all times relevant to Plaintiff's Causes of Action, including the four-year period prior the filing of the original complaint in this Action, Defendant classified Plaintiff and Class Members as exempt from the overtime requirements of the applicable IWC Wage Order, the California Labor Code, and the federal Fair Labor Standards Act ("FLSA") despite the fact that, among other considerations, Plaintiff and Class Members, did not manage any employees, did not exercise discretion or independent judgment as defined by California law, and regularly performed non-exempt work in excess of 50% of the time.

22.    In fact, Plaintiff and Class Members spent well over 75% of their time performing non-exempt and non-discretionary routine tasks, including reviewing requests from law enforcement agencies, running searches and reports in Defendant's systems, and performing routine fingerprint analysis based on predetermined and rigid standards.

23.    At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day, twelve (12) hours in a day, forty (40) hours in a week, and on a seventh consecutive day - and were not paid overtime or double-time compensation.

24.    At all times relevant, Plaintiff and Class Members were regularly unable to take

an initial meal period of thirty uninterrupted minutes before their fifth hour of work and where Plaintiff and Class Members worked over ten (10) hours in a work day, they were unable to take a second uninterrupted meal period of thirty minutes. Plaintiff and Class Members were told that they were not entitled to such meal periods. Defendant made no effort to provide the opportunity for off-duty meal periods. Plaintiff and Class Members did not waive their meal period entitlements. Plaintiff and Class Members were not provided with an extra hour of compensation for each day in which a meal period was not provided.

25. At all times relevant, Defendant did not provide Plaintiff and Class Members with ten (10) minute paid rest breaks for every four hours worked or major fraction thereof. Plaintiff and Class Members were not provided with an extra hour of compensation for each day in which a rest break was not made available/provided.

26. At all times relevant, Defendant provided Plaintiff and Paystub Subclass Members with wage statements that failed to show: (1) the actual number of hours worked; (2) the number of overtime hours worked; (3) all applicable hourly rates; (4) all applicable overtime rates; and (5) accurate accounts of gross and net wages earned by Plaintiff and Subclass Members.

27. Plaintiff is informed and believes, and thereon alleges, that Defendant was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

28. Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and Class Members entitled to receive overtime/double-time compensation and that they were denied said compensation.

29. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to Plaintiff's Causes of Action, Defendant knew that it had a duty to: (1) compensate Plaintiff and Class Members with premium overtime wages; (2) provide Plaintiff and Class Members with meal periods and rest breaks; and (3) provide Plaintiff and Subclass Members itemized wage statements containing the information required by Labor Code § 226(a). Defendant had the financial ability to comply with the foregoing requirements, but willfully, knowingly, and

intentionally failed to do so, and falsely represented to Plaintiff and Class Members that they were properly denied premium overtime wages, meal periods, and rest breaks (or pay in lieu thereof), all in order to increase Defendant's profits.

30. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to Plaintiff's claims, Defendant failed to reimburse Plaintiff and Class Members for all necessary and required business expenses, including by failing to fully reimburse Plaintiff and Class Members for the costs of working from home during the COVID-19 pandemic.

## FIRST CLAIM FOR RELIEF FOR FAILURE TO PROVIDE MEAL PERIODS
### (By Plaintiff and Class Members Against Defendant)

31. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

32. Pursuant to California Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

33. Pursuant to the IWC Wage Order applicable to Plaintiff's and Class Members' employment with Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employee must consent in writing to the "on duty" meal period. Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that they are prevented from being relieved of all duties. Despite said requirements of the IWC Wage Order applicable to Plaintiff's and Class Members' employment by Defendant and California Labor Code § 512 and § 226.7, Plaintiff and Class Members were not provided

with meal periods.

34.     For the three (3) years preceding the filing of this complaint, Defendant failed to provide Plaintiff and Class Members first and/or second meal breaks of not less than thirty (30) minutes pursuant to the IWC Wage Orders applicable to Plaintiff and Class Members' employment with Defendant. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

35.     Under California Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day on which Defendant did not provide them with a meal period.

## SECOND CLAIM FOR RELIEF FOR FAILURE TO PROVIDE REST PERIODS

### (By Plaintiff and Class Members Against Defedant)

36.     Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

37.     Pursuant to the IWC Wage Order applicable to Plaintiff's and Class Members' employment by Defendants:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages.

Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC. Defendant was required to authorize and permit Plaintiff and Class Members to take paid rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages.

38.     Plaintiff and Class Members regularly worked in excess of three and a half hours a day without being afforded at least a paid 10-minute rest period in which they were relieved

of all duties, as required by California Labor Code § 226.7 and the applicable IWC Wage Order.

39.     For the three (3) years preceding the filing of this lawsuit, Defendant failed to provide Plaintiff and Class Members the required paid rest periods under the IWC Wage Order applicable to Plaintiff's and Class Members' employment by Defendant and Labor Code §226.7. Plaintiff and Class Members were not paid the premium pay required by Labor Code §226.7 for the aforementioned violations. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

40.     Under California Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day on which Defendant did not provide them with a required rest period(s).

## THIRD CLAIM FOR RELIEF FOR FAILURE TO PAY OVERTIME WAGES
## (CALIFORNIA LABOR CODE)

### (By Plaintiff and Class Members Against Defendant)

41.     Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

42.     Pursuant to California Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC without paying them the proper overtime compensation as required by the IWC and California law.

43.     At all times relevant, the IWC Wage Order applicable to Plaintiff's and Class Members' employment with Defendant provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of two times her or her regular rate of pay.

44.     California Labor Code § 510 codifies the right to overtime compensation at the

rate of time-and-one-half of the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

45.    At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day. In fact, Plaintiff and other Class Members were regularly scheduled to work 10-hour shifts per workday without overtime pay.

46.    At all times relevant, Defendant failed to pay overtime wages owed to Plaintiff and Class Members.

47.    At all times relevant, Plaintiff and Class Members regularly performed non-exempt work in excess of 50% of the time, and thus were subject to the overtime requirements of the applicable IWC Wage Order and the California Labor Code.

48.    Defendant's failure to pay Plaintiff and Class Members overtime compensation for overtime hours worked violates the applicable IWC Wage Order and California Labor Code §§ 510 and 1198 and is therefore unlawful.

49.    Accordingly, Defendant owes Plaintiff and Class Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the amounts owed.

50.    Under California Labor Code § 1194 and 510, Plaintiff and Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## FOURTH CLAIM FOR RELIEF FOR FAILURE TO PAY OVERTIME WAGES (FLSA)

### (By Plaintiff and Class Members Against Defendant)

51.    Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

52.    Under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), it

- 11 -

is unlawful to employ persons in non-exempt positions for longer than 40 hours in a week without paying them the proper overtime compensation as required by the FLSA, i.e., one and one-half times the regular rate.

53. At all times relevant, Defendant failed to pay overtime wages owed to Plaintiff and Class Members under the FLSA.

54. At all times relevant, Plaintiff and Class Members did not meet the requirements for any exemption under the FLSA.

55. Defendant's violations of the FLSA were willful and committed in bad faith.

56. Accordingly, under 29 U.S.C. § 216(b), Plaintiff and Class Members are entitled to recover their unpaid overtime compensation, liquidated damages equal to the amount of unpaid overtime compensation due to Plaintiff and Class Members, as well as interest, costs, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF FOR FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS

### (By Plaintiff and Paystub Subclass Members Against Defendant)

57. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

58. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (5) net wages earned …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." California Labor Code § 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs

- 12 -

and reasonable attorney's fees."

59.     Within the three-year period prior to the filing of this Complaint, Defendant knowingly and intentionally failed to furnish Plaintiff and Subclass Members compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a). Specifically, the wage statements Defendant provided to Plaintiff and Subclass Members violated California Labor Code §226(a) because they failed to show: the actual number of hours worked, the number of overtime hours worked, all applicable hourly rates, and all applicable overtime rates, as wells as accurate accounts of the gross and net wages earned by Plaintiff and Subclass members.

60.     California Labor Code § 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

61.     California Labor Code § 226(e)(2)(B) states in pertinent part "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: … (i) …any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…." Further, Plaintiff and Paystub Subclass Members were injured and suffered actual damages as a result of these failures because, among other things, the failures led them to believe that they were not entitled to be paid wages for overtime they were so entitled. Also, Defendant's failure to comply with Labor Code § 226(a) hindered Plaintiff and Subclass Members from determining the amounts of wages actually owed them.

62.     Defendant knowingly and intentionally failed to furnish Plaintiff and Subclass Members with compliant wage statements upon each payment of wages in violation of

California Labor Code § 226(a).

63.    Plaintiff and Subclass Members were injured and damaged by Defendant's failure to comply with California Labor Code §226(a) and, accordingly, are entitled to recover statutory penalties, attorneys' fees, and costs under Labor Code § 226(e).

## SIXTH CLAIM FOR RELIEF FAILURE TO TIMELY PAY WAGES DUE

### (By Plaintiff And Waiting Time Subclass Members Against Defendant)

64.    Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

65.    California Labor Code §§201-202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

66.    Because Defendant willfully and illegally failed to pay Plaintiff and Waiting Time Subclass Members premium overtime wages owed to them at all times relevant, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Waiting Time Subclass Members their wages, earned and unpaid, at the time of their discharge from Defendant's employ.

67.    As a result, Defendant is liable to Waiting Time Subclass Members for waiting time penalties under California Labor Code §203, in an amount according to proof at the time of trial.

//

//

//

# SEVENTH CLAIM FOR RELIEF FOR FAILURE TO REIMBURSE BUSINESS EXPENSES

## (By Plaintiff and Class Members Against Defendant)

68. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

69. California Labor Code § 2802(a) provides that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

70. California Labor Code § 2802(a), requires Defendants to indemnify Plaintiff and Class Members for all expenditures and losses incurred by their employees in direct consequence of the discharge of their duties or obedience to the directions of Defendants, including but not limited to expenses related to remote work (such as home internet and phone). Defendant failed to make full reimbursement for these expenses.

71. Plaintiff and Class Members are entitled, under California Labor Code § 2802, to recover all unreimbursed business expenses, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

# EIGHTH CLAIM FOR RELIEF FOR UNFAIR COMPETITION

## (By Plaintiff and Class Members Against Defendant)

72. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

73. A violation of California Business and Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law. Here, Defendant's employment policies and procedures including, but not limited to, their failure to pay Plaintiff and Class Members premium overtime wages and pay Plaintiff and Class Members premium pay required by Labor Code §226.7 for Defendant's failure to provide meal and rest periods violates the IWC Wage Order applicable to Plaintiff and Class Members as well as California

Labor Code §§ 226.7, 510, 512 and 1198, and and failure to reimburse for necessary business expenses constitutes unfair competition and unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, et seq.

74. Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendant's competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

75. Plaintiff and Class Members were personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

76. Under California Business and Professions Code §§ 17200, et seq., Plaintiff and Class Members are entitled to restitution of the premium overtime wages and meal period/rest break premium pay unlawfully withheld and retained by Defendant during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, and an award of costs.

## NINTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 226(a) BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

77. Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

78. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages:

> Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable

order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

79.    During the year preceding the filing of the original complaint through the present, the itemized wage statements that Defendant provided to its current and former Forensic Analysts in California did not meet the requirements of California Labor Code § 226(a) by failing to: (1) report total hours worked; and (2) include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee all in violation of California Labor Code §§ 226(a). A violation of California Labor Code § 226(a) gives rise to private right of action under PAGA.

80.    Plaintiff seeks civil penalties for Defendant's violations of California Labor Code § 226(a) under California Labor Code § 226.3 to the extent that it provides for such penalties. In the alternative, Plaintiff seeks civil penalties for Defendant's violations of Section 226(a) under California Labor Code § 2699(f)(2).

81.    Plaintiff request penalties against Defendant for its violation of California Labor

Code § 226(a) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## TENTH CLAIM FOR RELIEF FOR VIOLATION CALIFORNIA LABOR CODE §§ 201-203 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

82. Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

83. California Labor Code §§ 201 and 202 set forth the timing requirements for the payment of wages due upon an employee's separation of employment. California Labor Code § 203 furthermore provides that a waiting time penalty must be paid should the timing requirements in California Labor Code §§ 201 or 202 not be complied with.

84. Because it failed to pay proper minimum and overtime wages to its former Forensic Analysts in California, Defendant did not pay its former Forensic Analysts in California all wages due upon separation of employment and by the times set forth in Sections 201 or 202 as applicable.

85. Plaintiff seeks civil penalties for these violations of California Labor Code §§ 201-203, including under California Labor Code § 256.

86. Plaintiff requests penalties against Defendant for its violation of California Labor Code §§ 201-203 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## ELEVENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 510 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

87. Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

88. During the year preceding the filing of the original complaint through the

present, Defendant failed to pay required overtime compensation to its current and former Forensic Analysts in California as required by California Labor Code § 510. Specifically, Defendant failed to compensate its other current and former Forensic Analysts in California overtime compensation for all hours worked in excess of eight (8) in a day or forty (40) in a week. These violations occurred due to Defendant's misclassification of its current and former Forensic Analysts in California as exempt from California's overtime laws.

89. Plaintiff seeks civil penalties under California Labor Code § 2699(f)(2) against Defendant for its violation of California Labor Code § 510 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## TWELVTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 512 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

90. Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

91. California Labor Code § 512 provides that no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

92. During the year preceding the filing of the original complaint through the present, Defendant failed to provide required meal periods to its current and former Forensic Analysts in California. By failing to provide these required meal periods to its current and former Forensic Analysts in California, Defendant violated California Labor Code § 512.

93. Plaintiff seeks civil penalties under California Labor Code § 2699(f)(2) against

Defendant for its violation of California Labor Code § 512 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

### THIRTEENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 226.7 BROUGHT UNDER THE PAGA

**(By Plaintiff as a Private Attorney General Against Defendant)**

94.    Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

95.    California Labor Code § 226.7 provides in pertinent part that "[n]o employer shall require any employee to work during any rest period mandated by an applicable order of the Industrial Welfare Commission."

96.    During the year preceding the filing of the original complaint through the present, Defendant failed to provide required rest periods to its current and former Forensic Analysts in California.

97.    By failing to provide these required rest periods to its current and former Forensic Analysts in California, Defendant violated Paragraphs 11 and 12 of the applicable California IWC Wage Order and California Labor Code § 226.7.

98.    Plaintiff seeks civil penalties under California Labor Code § 2699(f)(2) against Defendant for its violation of California Labor Code § 226.7 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

### FOURTEENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE § 2802 BROUGHT UNDER THE PAGA

**(By Plaintiff as a Private Attorney General Against Defendant)**

99.    Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

100.    California Labor Code § 2802(a) provides that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

101. California Labor Code § 2802(a), requires Defendant to indemnify Plaintiff and its other Aggrieved Employees for all expenditures and losses incurred by their employees in direct consequence of the discharge of their duties or obedience to the directions of Defendant, including but not limited to expenses for working from home (such as home internet and phone).

102. During the year preceding the filing of Plaintiff's PAGA exhaustion letter through the present, Defendant did not provide indemnification to Plaintiff and their other Aggrieved Employees for these expenditures in violation of California Labor Code § 2802.

103. Plaintiff seeks civil penalties for Defendant's violations of California Labor Code § 2802 under California Labor Code § 2699(f)(2).

104. Plaintiff requests civil penalties against Defendant for its violation of California Labor Code § 2802 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## FIFTEENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 558 AND 1198 BROUGHT UNDER THE PAGA

### (By Plaintiff as a Private Attorney General Against Defendant)

105. Plaintiff incorporates by reference and realleges each and every allegation contained above, except those allegations pertaining specifically to class action procedure, as though fully set forth herein.

106. California Labor Code § 1198 provides that "the employment of an employee … under conditions of labor prohibited by the [wage] order is unlawful." California Labor Code § 558 provides for a penalty where "[a]ny employer … violates …any provision regulating hours and days of work in any order of the Industrial Welfare Commission…"

107. As set forth above, during the year preceding the filing of the original complaint through the present, Defendant failed to pay overtime wages, and provide meal and rest

periods to its current and former Forensic Analysts in California.

108.    Defendant's failure to pay overtime wages, pay minimum wages, and provide meal and rest periods to its current and former Forensic Analysts in California violated Paragraphs 3, 4, and 12 of the applicable California IWC Wage Order, respectively, and therefore violated California Labor Code §§ 1198 and/or 558.

109.    Plaintiff seeks civil penalties specifically assigned to violations of California Labor §§ 558, 1198, and the applicable IWC Wage order available under California Labor Code § 558 against Defendant for its violation of California Labor Code §§ 558 and 1198 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representatives of the Class and Subclasses; and

3.    That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

### On The First Claim for Relief

1.    Compensation under Labor Code § 226.7 equal to one (1) hour of premium pay for each day in which a required meal period was not provided to Plaintiff and Class Members;

2.    For reasonable attorney's fees and costs incurred by Plaintiff and Class Members;

3.    For interest as permitted by law; and

4.    For such other and further relief as the Court deems proper.

### On The Second Claim for Relief

1.    Compensation under Labor Code § 226.7 equal to one (1) hour of premium

pay for each day in which a required rest period was not provided to Plaintiff and Class Members;

2. For reasonable attorney's fees and costs incurred by Plaintiff and Class Members;

3. For interest as permitted by law; and

4. For such other and further relief as the Court deems proper.

<u>On The Third Claim for Relief</u>

1. For compensatory damages in an amount equal to the amount of unpaid overtime compensation owed to Plaintiff and Class Members;

2. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3. For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4. For such other and further relief as the Court deems proper.

<u>On The Fourth Claim for Relief</u>

1. For compensatory damages in an amount equal to the amount of unpaid overtime compensation owed to Plaintiff and Class Members;

2. For Liquidated damages equal to the amount of unpaid overtime compensation due to Plaintiff and Class Members under 29 U.S.C. § 216(b);

3. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

4. For reasonable attorneys' fees and costs under 29 U.S.C. § 216(b); and

5. For such other and further relief as the Court deems proper.

<u>On the Fifth Claim for Relief</u>

1. For statutory damages measured at $50 for the first violation, and $100 for every subsequent violation, for Plaintiff and Paystub Class Members under California Labor Code § 226(e);

2. For actual damages according to proof;

1    3.    For reasonable attorneys' fees and costs under California Labor Code §
2             226(e); and
3    4.    For such other and further relief as the Court deems proper.

### On The Sixth Claim for Relief

1. For statutory penalties under California Labor Code §203;
2. For pre-judgment interest for wages untimely paid; and
3. For such other and further relief as the Court deems proper.

### On The Seventh Claim for Relief

1. For reimbursement of business expenses under Labor Code § 2802;
2. For reasonable attorney's fees and costs incurred by Plaintiff and Class Members;
3. For interest as permitted by law; and
4. For such other and further relief as the Court deems proper.

### On The Eighth Claim for Relief

1. That Defendant pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their failure to pay premium overtime wages over the last four (4) years in an amount according to proof;
2. That Defendant pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;
3. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;
4. For reasonable attorneys' fees under California Code of Civil Procedure §1021.5;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems proper.

- 24 -

## On the Ninth Claim for Relief

1.    For penalties according to proof;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper.

## On the Tenth Claim for Relief

4.    For penalties according to proof;

5.    For reasonable attorneys' fees and costs; and

6.    For such other and further relief as the Court deems proper.

## On the Eleventh Claim for Relief

7.    For penalties according to proof;

8.    For reasonable attorneys' fees and costs; and

9.    For such other and further relief as the Court deems proper.

## On the Twelvth Claim for Relief

10.   For penalties according to proof;

11.   For reasonable attorneys' fees and costs; and

12.   For such other and further relief as the Court deems proper.

## On the Thirteenth Claim for Relief

13.   For penalties according to proof;

14.   For reasonable attorneys' fees and costs; and

15.   For such other and further relief as the Court deems proper.

## On the Fourteenth Claim for Relief

1.    For penalties according to proof;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper.

## On the Fifteenth Claim for Relief

1.    For penalties according to proof;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff and members of the Class and Subclasses request a jury trial in this matter.

Dated: June 24, 2021

MESERVY LAW, P.C.
DENTE LAW, P.C.
THE PENDERGAST LAW FIRM, PC


By: /s/ London D. Meservy
    LONDON D. MESERVY (SB# 216654)

Attorneys for Plaintiff Jill Kathleen Bentley and for Members of the Class, Paystub Subclass, and Waiting Time Subclass