UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE CORDOVA, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC.; and DOES 1–10, INCLUSIVE,<br><br>Defendants. | Case No.:  20-CV-2425 JLS (MDD)<br><br>**ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASS; (3) APPROVING NOTICE AND NOTICE PLAN; (4) APPOINTING CLASS REPRESENTATIVE, CLASS COUNSEL, AND SETTLEMENT ADMINISTRATOR; AND (5) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS**<br><br>(ECF No. 27) |

Presently before the Court is Plaintiff Aimee Cordova's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Mot.," ECF No. 27).  The Court vacated the hearing and took the matter under submission pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 29.  Having reviewed the terms of the proposed settlement agreement, Plaintiff's arguments, and the law, the Court concludes that the settlement falls within the range of reasonableness warranting preliminary approval.  Accordingly, the Court **GRANTS** the Motion, as follows.

## GENERAL BACKGROUND

On November 12, 2020, Plaintiff Aimee Cordova filed a class action suit in California Superior Court alleging violations of California's Labor and Business and Professions Codes as well as the federal Fair Labor Standards Act ("FLSA") on behalf of forensic analysts employed by Defendants BAE Systems, Inc., and BAE Systems Technology & Services, Inc. (collectively, "Defendants"). *See* Decl. of Taylor Wemmer in Support of Defendants' Notice of Removal, Ex. A (ECF No. 1-3). On December 11, 2020, Defendants removed Plaintiff's Complaint to the United States District Court for the Southern District of California. *See* ECF No. 1 ("Not. of Removal"). Defendants concurrently answered the Complaint. *See* ECF No. 2.

On January 22, 2021, the Parties jointly moved to dismiss Defendant BAE Systems, Inc., without prejudice, *see* ECF No. 18, which motion was granted, *see* ECF No. 19. On June 10, 2021, remaining named Defendant BAE Systems Technology & Services, Inc. ("BAE" or "Defendant") and Plaintiff attended a full-day mediation with mediator Gig Kyriacou during which they reached a settlement on a class basis. ECF No. 27-1 ("Mot. Mem.") at 2.[1] Accordingly, on June 14, 2021, the Parties filed a Joint Status Report and Notice of Class Settlement. *See* ECF No. 20. The Parties subsequently filed a Joint Motion for an Order Allowing Plaintiff to File First Amended Complaint, *see* ECF No. 24, which motion also was granted, *see* ECF No. 25. Accordingly, on June 26, 2021, Cordova filled her First Amended Complaint ("FAC," ECF No. 26), which, among other changes, added claims brought under the Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698 *et seq*. The instant Motion followed.

Defendant employs forensic analysts in California, including Plaintiff. FAC ¶¶ 4–5. Plaintiff alleges that Defendant misclassified forensic analyst employees as exempt and

---

[1] On July 30, 2021, Plaintiff filed a Notice of Errata noting that the Memorandum of Points and Authorities filed in support of her motion bore an erroneous title, *see* ECF No. 28 ("Notice"), and requesting that Exhibit 1 attached to the Notice "replace Docket No. 27-1," *see id.* at 1. The Court notes that the two Memoranda are substantively identical and thus, for simplicity, the Court cites to ECF No. 27-1.

alleges fifteen causes of action as a result under various provisions of California and federal law:

1. Failure to provide meal periods, violating California Labor Code § 512 (FAC ¶¶ 31–35);

2. Failure to provide rest periods every four hours, violating California Labor Code § 226.7 (FAC ¶¶ 36–40);

3. Failure to pay overtime wages, violating California Labor Code § 1198 (FAC ¶¶ 41–50);

4. Failure to pay overtime wages, violating the FLSA, 29 U.S.C. §§ 201 *et seq.* (FAC ¶¶ 51–56);

5. Failure to provide compliant itemized wage statements, violating California Labor Code § 226(a) (FAC ¶¶ 57–63);

6. Failure to pay timely wages due, violating California Labor Code §§ 201–02 (FAC ¶¶ 64–67);

7. Failure to reimburse business expenses, violating California Labor Code § 2802(a) (FAC ¶¶ 68–71);

8. Unfair competition violations of California Business & Professions Code §§ 17200 *et seq.* (FAC ¶¶ 72–76);

9. Violation of California Labor Code § 226(a), brought under PAGA (FAC ¶¶ 77–81);

10. Violation of California Labor Code §§ 201–03, brought under PAGA (FAC ¶¶ 82–86);

11. Violation of California Labor Code § 510, brought under PAGA (FAC ¶¶ 87–89);

12. Violation of California Labor Code § 512, brought under PAGA (FAC ¶¶ 90–93);

13. Violation of California Labor Code § 226.7, brought under PAGA (FAC ¶¶ 94–98);

14. Violation of California Labor Code § 2802, brought under PAGA (FAC ¶¶ 99–104); and

15. Violation of California Labor Code §§ 558 and 1198, brought under PAGA (FAC ¶¶ 105–109).

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Stipulation of Settlement and Release containing more than fifteen pages of substantive terms, *see* Decl. of London D. Meservy in Support of Plaintiff's Unopposed Motion ("Meservy Decl.," ECF No. 27-2) Ex. 1 ("Proposed Settlement Agreement"), as well as a Notice of Class, Collective, and Representative Action Settlement, *see* Meservy Decl. Ex. 2 ("Proposed Notice").

## I.   Proposed Settlement Class

The Settlement Class includes "[a]ny and all persons who are or were employed by Defendants[2] as Forensic Analysts (of any level and all similar positions however titled), in the State of California during the Covered Period." Mot. Mem. at 3 (citing Proposed Settlement Agreement ¶¶ 1(A)–(B), 5). There are thirty-one Class Members. *Id.* (citing Proposed Settlement Agreement ¶ 1(A)).

## II.   Proposed Monetary Relief

The Proposed Settlement Agreement provides for a $995,000.00 Maximum Settlement Amount used to pay: (1) Plaintiff's Class Representative's Payment, not to exceed $10,000.00; (2) Class Counsel's attorneys' fee award, not to exceed thirty percent of the Maximum Settlement Amount, or $298,500.00; (3) up to $15,000 in Class Counsel costs; (4) a $30,000.00 PAGA award, with $22,500.00 going to the California Labor and Workforce Development Agency ("LWDA") and $7,500.00 going to the Class Members; and (5) Settlement Administration Costs, estimated not to exceed $3,500.00. Mot. Mem. at 3–4 (citing Proposed Settlement Agreement ¶ 5(C)). The remaining Net Settlement

---

[2] The Court notes that although BAE Systems, Inc., was dismissed as a defendant from this action, the Proposed Settlement Agreement, although only executed by Plaintiff and Defendant, repeatedly references "Defendants." *See generally* Proposed Settlement Agreement. Accordingly, this Order does the same.

Amount of at least $645,000.00 shall be distributed to the Settlement Class Members. *Id.* at 4. The Parties propose that Phoenix Settlement Administrators serve as Settlement Administrator. *Id.* (citing Proposed Settlement Agreement ¶ 5(A)).

Each Class Member will receive a portion of the Net Settlement "determined based on their proportionate number of Work Weeks during the Covered Period (i.e., from November 12, 2016 through July 30, 2021)." *Id.* (citing Proposed Settlement Agreement ¶ 9(B)). The Settlement Administrator will calculate the amount "for each Settlement Class Member by multiplying the Net Settlement Amount by a fraction, the numerator of which is the Settlement Class Member's individual total Work Weeks during the Covered Period, and the denominator of which is the total number of Work Weeks of all Settlement Class Members during the Covered Period." *Id.* Consequently, although payments will vary, if all thirty-one Settlement Class Members participate, the average settlement amount "is estimated to be $20,822.00." *Id.*

In exchange, the Class Members will release their claims for:

> any and all wage-and-hour claims, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, for the following categories of allegations: (a) all claims for failure to provide required meal periods; (b) failure to provide required rest periods; (c) failure to pay overtime wages or minimum wage; (d) failure to pay all wages due to discharged and quitting employees; (f) failure to furnish accurate itemized wage statements; (h) failure to indemnify employees for necessary business expenditures incurred in discharge of duties; (i) unfair and unlawful business practices based on the foregoing allegations, and (j) any other related civil and statutory penalties, including those recoverable under PAGA ("Class Members' Released Claims"). The Class Members' Released Claims include claims meeting the above definition(s) including those under California Labor Code §§ 201, 202, 203, 226, 226.3, 226.7, 510, 512, 558, 1194, 1198, and 2802; California Bus. & Prof. Code §§ 17200 et seq.; PAGA, California Labor Code §§ 2698 et. seq.; California Code of Civil Procedure § 1021.5; California

> Civil Code §§ 3287 and 3288; California Industrial Wage Order Nos. 1 through 9, and the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. arising during the Covered Period.

*Id.* at 5 (citing Proposed Settlement Agreement ¶ 2). None of the Maximum Settlement Amount will revert to Defendants. *See* Proposed Settlement Agreement ¶ 2. If any settlement checks remain uncashed 120 days after issuance, the amount will be paid to the California State Controller Unclaimed Property Fund. *See* Mot. Mem. at 5 (citing Proposed Settlement Agreement ¶ 9(k)).

## RULE 23 SETTLEMENT CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" to protect absentees).

Class actions are governed by Federal Rule of Civil Procedure 23. To certify a class, each of the four requirements of Rule 23(a) must first be met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) allows a class to be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b). *Zinser*, 253 F.3d at 1186. Here,

Plaintiff seeks to certify the Settlement Class under Rule 23(b)(3), *see* Mot. Mem. at 12–13, which permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court addresses each of these requirements in turn.

## I. Rule 23(a) Requirements

### A. Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007). District courts within the Ninth Circuit have "enacted presumptions that the numerosity requirement is satisfied by a showing of 25–30 members." *See, e.g.*, *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000).

Here, the proposed Settlement Class consists of thirty-one Class Members. Mot. Mem. at 4. Because of the presumption of numerosity created by twenty-five to thirty members, it logically follows that joinder of thirty-one members is impracticable for purposes of Rule 23(a)(1) and the numerosity requirement therefore is satisfied here. *See Slaven*, 190 F.R.D. at 654; *see also Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964) (stating "'impracticability' does not mean 'impossibility'") (citing *Advert. Specialty Nat. Ass'n v. FTC*, 238 F.2d 108, 119 (1st Cir. 1956)).

### B. Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires that "the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "The

existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the Parties have defined the Settlement Class to encompass all forensic analyst employees who worked for Defendants in California at any time during the Covered Period. Mot. Mem. at 3. Common questions include: if their classification as exempt from California and federal overtime requirements was proper; if Defendants properly provided meal and rest periods; if wage statements provided by Defendants were compliant with California Labor Code § 226; if Defendants paid wages timely upon termination; and if Defendants properly reimbursed for business expenses. *See* Mot. Mem. at 10. Because these questions apply to all Class Members, all Class Members have suffered a common injury. Accordingly, it is appropriate for these issues to be adjudicated on a class-wide basis; thus, Rule 23(a)(2) is satisfied. *See McCowen v. Trimac Transp. Servs. (W.), Inc.*, 311 F.R.D. 579, 584–86 (N.D. Cal 2015) (finding commonality satisfied where the common question was whether the defendant failed to provide meal and rest breaks).

### C. Typicality

To satisfy Federal Rule of Civil Procedure 23(a)(3), the named plaintiff's claims must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). The typicality requirement is "permissive" and requires only that the named plaintiff's claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (citation omitted).

/ / /

Here, Plaintiff, like the other Class Members, was employed by Defendants in California as a forensic analyst, and her claims arise out of the same underlying policies and practices of Defendants as the claims pertaining to the entire proposed Settlement Class. *See* Mot. Mem. at 11. As with the other Settlement Class Members, Cordova was subject to Defendants' alleged unlawful practices and policies. *Id.* Further, the Parties have identified no claims or defenses unique to Plaintiff. *Id.* Accordingly, Plaintiff's claims are typical of the claims of proposed Class Members, thus satisfying Rule 23(a)(3). *See Kayes v. Pac. Lumber Co.*, 51 F3d 1449, 1463 (9th Cir. 1995) (typicality is satisfied where named plaintiffs have the same claims as other class members and are not subject to unique defenses).

### D.   Adequacy

Federal Rule of Civil Procedure 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

Here, there is no reason to believe that the Class Representative or Class Counsel have any conflicts of interest with the proposed Settlement Class Members. There also is no reason to believe that the Class Representative or Class Counsel have failed to vigorously investigate and litigate the case to this point. Plaintiff has retained competent counsel, who have "extensively investigated Plaintiff's claims and Defendants' defenses . . . [and] negotiated an exchange of information sufficient to enable them to fully evaluate the strengths and weaknesses of the claims and defenses raised by each side." Mot. Mem. at 2. Furthermore, Class Counsel have significant employment and class action litigation experience. *Id.* at 14; *see also* Meservy Decl. ¶¶ 1–4; Decl. of Matthew S. Dente

9

in Support of Plaintiff's Unopposed Motion ("Dente Decl.," ECF No. 27-3) ¶¶ 1–4; Decl. of Rory K. Pendergast in Support of Plaintiff's Unopposed Motion ("Pendergast Decl.," ECF No. 27-4) ¶¶ 1–4.  Accordingly, the Court finds that the Class Representative and Class Counsel adequately represent the proposed Settlement Class Members, and therefore Rule 23(a)(4)'s adequacy requirement is met.

## II.   Rule 23(b)(3) Requirements

Federal Rule of Civil Procedure 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

### A.   *Predominance*

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods.*, 521 U.S. at 623.  "Rule 23(b)(3) focuses on the relationship between the common and individual issues."  *Hanlon*, 150 F.3d at 1022.

Here, Plaintiff alleges several common questions of law and fact.  *See* Mot. Mem. at 13.  The issues common to all Class Members include whether Defendant owes "unpaid overtime wages, statutory penalties, and damages arising from work performed for Defendant in California."  *See id.*  Thus, Plaintiff and the Class Members share several common questions of fact and law that are central to Plaintiff's alleged injuries and that predominate over individualized issues.  *Id.*  Additionally, Plaintiff and the Class Members seek the same legal remedies.  *Id.*  Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied.  *See McCowen*, 311 F.R.D. at 597 (finding predominance satisfied where "class-wide issues predominate over individualized issues").

### B.   *Superiority*

The final requirement for certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is "that a class action [be] superior to other available methods for fairly and

/ / /

efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)   the likely difficulties in managing a class action.

*See Zinser*, 253 F.3d at 1190.  A court need not consider the fourth factor, however, when certification is solely for the purpose of settlement.  *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1066 n.12 (C.D. Cal. 2010); *see also Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").  The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'" *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Practice & Proc.* § 1780, at 562 (2d ed. 1986)).   A district court has "broad discretion" in determining whether class treatment is superior.  *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, the Class Members' claims involve the same questions of law arising from the same facts.  If the Settlement Class Members' claims were treated on an individual basis, thirty-one potential cases would follow a similar trajectory, and each would come to a similar result.  *See* Mot. Mem. at 13.  It also is likely that the Class Members would not pursue litigation on an individual basis due to the high cost of pursuing their individual claims compared with the relatively low value of recovery.  *Id.*; *see also Hanlon*, 150 F.3d

11

at 1023.  Ultimately, the interests of the Class Members in individually controlling the litigation are minimal, especially given the same broad-based policies and practices at issue.  The Court is aware of no other pending actions adjudicating Class Members' claims against Defendants, making concentration in this forum desirable.

Accordingly, having weighed the relevant factors, the Court concludes that class treatment is the superior method of adjudicating this controversy and that the superiority requirement of Rule 23(b)(3) is met.

## III.   Conclusion

For the reasons stated above, the Court finds certification of the Settlement Class proper under Rules 23(a) and (b)(3).  Accordingly, the proposed Settlement Class is **CERTIFIED** for settlement purposes only.

### RULE 23 PRELIMINARY FAIRNESS DETERMINATION

Having certified the proposed Settlement Class for settlement purposes, the Court next must make a preliminary determination as to whether the Proposed Settlement Agreement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C).  Fed. R. Civ. P. 23(e)(1)(C).  Factors relevant to this determination include:

> The strength of the plaintiff['s] case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026.  "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable."  *Garner v. State Farm Mut. Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010) (quoting *Brown v. Hain Celestial Grp., Inc.*, No. 3:11-CV-03082-LB, 2016 WL 631880, at *5 (N.D. Cal. Feb. 17, 2016)).  "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *In re Syncor*

*ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Pls. v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

## I.    Strength of Plaintiff's Case and Risk, Exposure, Complexity, and Likely Duration of Further Litigation

To succeed on the merits, Plaintiff would have to prove, among other things, that Defendants misclassified their forensic analyst employees as exempt.  Mot. Mem. at 1. The Parties repeatedly discussed the merits of Plaintiff's claims and ultimately decided to attempt resolution through mediation.  *Id.* at 2.  Nonetheless, Plaintiff and Class Counsel recognize "the inherent risks related to certification, liability, and damages including, but not limited to, the prospect that the Class would have not been able to make the necessary showings to obtain any recovery at all."  Meservy Decl. ¶ 31.  Moreover, Defendants steadfastly deny any liability and maintain they properly classified the Class Members, complied with relevant meal and rest period laws, complied with California Labor Code § 226, "timely paid all wages due . . . to Class Members at termination[,]" "reimbursed for all necessary and required business expenses[,]" and are not liable for PAGA civil penalties.  Mot. Mem. at 8.  Thus, while Plaintiff has strong claims, significant risk and uncertainty remain such that continuing the case could lead to protracted and contentious litigation.  The Parties wish to avoid the "cost, delay, and uncertainty of further litigation, trial and appellate review" via this Settlement.  *See id.* at 7.  The Court therefore concludes that these factors weigh in favor of finding the Proposed Settlement Agreement to be fair, reasonable, and adequate.

## II.    Risk of Maintaining the Class Action Throughout Trial

Defendants "strongly contest[] the propriety of class treatment of the claims at issue."  *See* Mot. Mem. at 8.  Implicit in this disagreement is the likelihood in the absence of the Proposed Settlement Agreement of initial challenges to class certification and the potential for decertification motions even if class certification were granted.  Weighed against the fact that Defendants do not object to a finding that the class certification requirements are met for purposes of the Proposed Settlement Agreement, this factor

weighs in favor of the Proposed Settlement Agreement being adjudged fair, reasonable, and adequate.

## III.    Amount Offered in Settlement

Defendants have offered to pay a non-reversionary $995,000.00 Maximum Settlement Amount.  Mot. Mem. at 3.  Less the maximum allowable attorneys' fees and expenses, estimated Settlement Administration Cost, Plaintiff's Class Representative's Payment, and LWDA's portion of the PAGA award, the Net Settlement Proceeds—currently estimated to be at least $645,000.00—are to be allocated and distributed to each Settlement Class Member "based on their proportionate number of Work Weeks during the Covered Period."  *See id.* at 4.  The average allocation for each of the estimated thirty-one Class Members is estimated to be $20,822.00.  *Id.*  Class Counsel asserts, and the Court agrees, that this amount is "fair, reasonable, and adequate given the inherent risks of litigation," including obtaining class certification, establishing Defendants' liability on all claims, the costs of trial and appeals, and limitations on PAGA penalties.  *Id.* at 8.  Given the risks of litigation, the Court determines that the amount offered in the Proposed Settlement Agreement is fair and reasonable and that this factor weighs in favor of approval.

## IV.    Extent of Discovery Completed and Stage of Proceedings

This action was originally filed in the Superior Court for the County of San Diego on November 12, 2020, and thus has been pending for over a year.  Mot. Mem. at 1.  Both Parties have "shared extensive information with one another."  *Id.* at 7.  The Parties exchanged information "sufficient to enable them to fully evaluate the strengths and weaknesses of the claims and defenses raised by each side."  Meservy Decl. ¶ 8.  Defendants provided Class Counsel with extensive information, including:

> a putative class list and most recent rates of pay information for each Class Member, copies of employment and compensation policies applicable to Class Members during the relevant period, a sampling of pay stubs and payroll data for Class Members, specimens of all applicable job descriptions during the relevant

> period, data relating to time worked recorded by Class Members with respect to assigned projects, and job postings for Class Members.

*Id.*  Accordingly, it appears the Parties entered into the Proposed Settlement Agreement with a strong working knowledge of the relevant facts, relevant law, and strengths and weaknesses of their claims and defenses.  Therefore, this factor weighs in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

## V.   Experience and Views of Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."  *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).  Plaintiff's counsel have extensive experience in complex California wage and hour litigation and employment and class action lawsuits.  *See* Meservy Decl. ¶¶ 1–4; Dente Decl. ¶¶ 1–4; Pendergast Decl. ¶¶ 1–4.  Counsel for both Parties endorsed the Proposed Settlement Agreement as "fair and reasonable."  *See* Proposed Settlement Agreement ¶ 18.  Because the presumption of reasonableness is warranted under these circumstances, the Court concludes that this factor weighs in favor of finding the Proposed Settlement Agreement fair, reasonable, and adequate.

## VI.   Presence of Governmental Participant

The Proposed Settlement Agreement will result in $30,000 in PAGA penalties, $22,500 of which will be paid to LWDA.  Mot. Mem. at 3.  This factor therefore weighs in favor of approval.  *See Adoma v. Univ. of Phoenix*, Inc., 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) (weighing PAGA penalties in favor of settlement approval); *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2012); *see also McKenzie v. Fed. Exp. Corp.*, No. CV 10-02420 GAF PLAX, 2012 WL 2930201, at *6 (C.D. Cal. July 2, 2012) ("California's LWDA is a government entity affected by this action.").

## VII.   Attorneys' Fees Provision

In the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). When applying the percentage-of-the-fund method, an attorneys' fees award of "twenty-five percent is the 'benchmark' that district courts should award." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *Fischel*, 307 F.3d at 1006. A district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (citing *Six Mexican Workers*, 904 F.2d at 1311). "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007.

Here, Class Counsel request that the Court approve attorneys' fees not to exceed 30% of the Max Settlement Amount, or $298,500, and Class Counsel Costs of up to $15,000. *See* Mot. Mem. at 3. At this point, without Class Counsel's briefing, the Court finds no reason to award fees that exceed the Ninth Circuit's 25% benchmark. Class Counsel will need to show what special circumstances exist warranting a higher percentage in their motion for attorneys' fees.

## VIII.  Class Representative Service Award Provision

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The district court must evaluate each incentive award individually, using "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

Here, the Parties have agreed to a maximum Class Representative's Payment of not more than $10,000 for Plaintiff. Mot. Mem. at 3. Plaintiff worked closely with Class Counsel to protect the interests of the absent Class Members, even sacrificing "her own personal interests for the benefit of Class Members." Meservy Decl. ¶ 25. "Plaintiff . . .

16

took the risk that this lawsuit would have a negative impact on her current and future employment opportunities." *Id.* ¶ 26. She also "assumed the risk of a judgment against herself and personal liability for an award of costs to Defendants in the event of an adverse outcome." *Id.* ¶ 27; *see also Whiteway v. Fedex Kinkos Office & Print Servs., Inc.*, No. C 05-2320-SBA, 2007 WL 4531783 (N.D. Cal. Dec. 17, 2007) (stating "[named plaintiffs] who choose to take the risks of litigation should be the ones to bear the costs when they are unsuccessful" and entering a $56,788 judgment in costs against the plaintiff in an unsuccessful class action suit). Plaintiff also spent "substantial time participating in interviews and telephone consultations with Class Counsel who required considerable information pertaining to Defendants' employment policies and procedures" as well as "gathering information in support of the claims and responding to written inquiries from Class Counsel . . . [and] assist[ing] in evaluating the information obtained from Defendants." *Id.* ¶ 24. Ultimately, Plaintiff's requested Class Representative's Payment equates to 1.005 percent of the Maximum Settlement Amount and is less than half of the estimated average individual payment to each Class Member of $20,822.00. *Id.* ¶ 28; Mot. Mem. at 3. Finally, a general release by a class representative is often coupled with an incentive payment in class action settlements. *See, e.g.*, *Santiago v. Del. N. Cos. Sportserv., Inc.*, No. 15-cv-2269-JAH-WVG, 2017 WL 11421365 (S.D. Cal. June 12, 2017); *Aguayo v. Oldenkamp Trucking*, No. F04-6279 AWI LJO, 2006 WL 3020943 (E.D. Cal. Oct. 17, 2006). Here, Plaintiff has agreed "to enter into a general release of all known and unknown claims that she may have against Defendants." Meservy Decl. ¶ 28.

Ultimately, the Court finds that the modest proposed Class Representative's Payment is reasonable and should not bar preliminary approval; however, before final approval of the Class Representative's Payment, the Court requests that Plaintiff provide documentation detailing the time and effort she has expended in pursuit of this litigation and the actions she has taken to benefit the Settlement Class in her motion for final approval. Without such information, the Court may lower the requested Class Representative's Payment.

**IX.   Conclusion**

For the reasons stated above, the Court **GRANTS** Plaintiff's Unopposed Preliminary Approval Motion.

### PROPOSED SETTLEMENT NOTICE

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  Because the Court has provisionally certified the class under Rule 23(b)(3), *see supra* at 10–12, the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

According to the Proposed Settlement Agreement, within twenty-one calendar days of the date of this Order, Defendants will provide the Settlement Administrator with each Class Member's name, last known address, Social Security number, Work Week information, and employment status.  Proposed Settlement Agreement ¶ 7(B).  Within fifteen calendar days of receiving the Employee List, the Settlement Administrator shall "run the names of all Settlement Class Members through the National Change of Address (NCOA) database[,]" update Class Members' addresses as necessary, and mail the Proposed Notice, retaining proof of mailing. *Id.* ¶ 7(C).

/ / /

The twelve-page Proposed Notice: (1) describes the nature of the lawsuit and claims at issue, (2) defines the Settlement Class, (3) explains the Maximum Settlement Amount and how individual Class Members' settlement payments will be calculated, (4) discloses the Class Counsel's fees and Class Representative's Payment that will be requested, (5) details the claims that are being released, (6) explains how a member of the Settlement Class can object to the Proposed Settlement, (7) discloses the time and place of the Final Approval Hearing, and (8) displays the contact information for Class Counsel and the Settlement Administrator and advises that either may be contacted to answer questions about the Proposed Settlement. *See generally* Proposed Notice. Having carefully and thoroughly reviewed the Proposed Notice, the Court finds that both the method and content of the Proposed Notice comply with Rule 23. Accordingly, the Court **APPROVES** both the content of the Proposed Notice and the proposed notification plan.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion (ECF No. 27) and **ORDERS**:

1.     This Order incorporates by reference the definitions in the Proposed Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Proposed Settlement Agreement.

2.     The Court has jurisdiction over the Lawsuit and all acts within the Lawsuit, and over all the Parties to the Lawsuit, including Plaintiff, Class Members, Defendants, and the State of California.

3.     It appears to the Court on a preliminary basis that the Settlement is fair, adequate, and reasonable. Indeed, the Court recognizes the significant value provided to all Class Members and finds that such recovery is fair, adequate, and reasonable when balanced against further litigation related to liability and damages issues. It appears that the Parties have conducted extensive investigation, informal discovery, research, and litigation such that Class Counsel and Defendants' counsel are able to reasonably evaluate their respective positions at this time. It further appears to the Court that the proposed

20-CV-2425 JLS (MDD)

Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Lawsuit.  It also appears that the Parties reached the Settlement as the result of intensive, serious, and non-collusive arms-length negotiations facilitated by an experienced and neutral mediator.  Thus, the Court finds on a preliminary basis that the Proposed Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.  Accordingly, the Court **GRANTS** Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 27).

4.      For purposes of the Settlement only, the Court hereby **CONDITIONALLY CERTIFIES** the following class of Class Members:

> Any and all persons who are or were employed by Defendants as Forensic Analysts (of any level and all similar positions however titled), in the State of California during the Covered Period ("Class Member" or "Class Members").

Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to certification of the Class as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

5.      The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement of the Class Members' Released Claims, or they may object to the Settlement of the Class Members' Released Claims and appear before this Court.  However, to do so they must follow the procedures outlined in the Proposed Settlement Agreement and Class Notice Packets.

6.      The Court finds that the notice of settlement that Plaintiff provided to LWDA satisfies the notice requirements of PAGA.

7.      The Court **APPROVES**, as to form and content, the proposed Class Notice Packets to Class Members and finds that the method selected for communicating the preliminary approval of the Settlement to Class Members is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled to

notice, and therefore satisfies due process.  No later than fourteen (14) calendar days before the Final Approval Hearing, the Settlement Administrator shall prepare and Class Counsel **SHALL FILE** a declaration of compliance with the class notice requirements.

8.   For Settlement purposes only, the Court hereby **APPOINTS** Plaintiff Aimee Cordova as Class Representative in this Lawsuit.  Further, the Court **PRELIMINARILY APPROVES** the Class Representative's Payment to Plaintiff in an amount not to exceed $10,000.00 (Ten Thousand Dollars and Zero Cents).  The Class Representative's Payment will be subject to final approval of the Court.

9.   For Settlement purposes only, the Court hereby **APPOINTS** London D. Meservy, Meservy Law, P.C., london@meservylawpc.com, 401 West A Street, Suite 1712, San Diego, CA 92101, Telephone: 858.779.1276; Matthew S. Dente, Dente Law, P.C., matt@dentelaw.com, 5040 Shoreham Place, San Diego, CA 92122, Telephone: 619.550.3475; and Rory K. Pendergast, The Pendergast Law Firm, PC, rory@rorylaw.com, 3019 Polk Avenue, San Diego, CA 92104, Telephone: 619.344.8699, as Class Counsel for Class Members.  No later than twenty-one (21) calendar days before the Final Approval Hearing, Class Counsel **SHALL FILE** an application for attorneys' fees, costs, and the Class Representative's Payment.  Class Counsel **SHALL PROVIDE** documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled.  Class Counsel **SHALL ADDRESS** the appropriateness of any upward or downward departure in the lodestar calculation, as well as reasons why a percentage-of-the-fund approach to awarding attorney fees may be preferable in this case and why any upward or downward departure from the 25% benchmark may be merited. Class Counsel **SHALL BE PREPARED** to address any questions the Court may have regarding the application for fees at the Final Approval Hearing.

10.   The Court hereby **APPOINTS** Phoenix Settlement Administrators as the Settlement Administrator to administer the Class Notice Packets pursuant to the terms in the Proposed Settlement Agreement.

11.    <u>No later than twenty-one (21) calendar days</u> after the date of this Order, Defendants **SHALL PROVIDE** the Settlement Administrator with the Class Data (as defined in the Proposed Settlement Agreement).  <u>No later than fifteen (15) calendar days</u> after receipt of the Class Data, the Settlement Administrator **SHALL USE** the Class Data to mail the Class Notice Packets to Class Members after conducting a national change of address search for the most current addresses for Class Members and will update such addresses as necessary.

12.    <u>No later than thirty (30) calendar days</u> after the date the Settlement Administrator mails the Class Notice Packets to Class Members (*i.e.*, the Response Deadline), any Class Member requesting exclusion from the Settlement must submit his/her Request for Exclusion by mail to the Settlement Administrator as instructed in the Class Notice Packets.  If the Court finally approves this Settlement, Class Members who fail to submit a timely and valid Request for Exclusion on or before the Response Deadline shall be Settlement Class Members bound by all terms of the Settlement and the Final Approval Order entered in this Lawsuit.  Any Class Members who submit a timely and valid Request for Exclusion from the Class will not be entitled to any recovery under the Settlement and will not be bound by the terms of the Settlement as it relates to the Class Members' Released Claims.  Any Class Members who submit a timely and valid Request for Exclusion from the Class will not have any right to object to, appeal, or comment on the Settlement.

13.    <u>On or before the Response Deadline</u>, any Class Member wishing to object to or comment upon the Settlement must submit her/his Notice of Objection by mailing it to the Settlement Administrator as instructed in the Class Notice Packets.  Class Members who fail to submit a timely and valid Notice of Objection shall be deemed to have waived any objections and shall be foreclosed from making any objections to the Settlement.

14.    The Final Approval Hearing **SHALL BE HELD** <u>on May 26, 2022, at 3:00 p.m.</u>, in the United States District Court, Southern District of California, Courtroom 4D, 221 West Broadway, San Diego, CA 92101, to consider the fairness, adequacy, and

reasonableness of the proposed Settlement including, without limitation, the Class Counsel fees and costs award, Plaintiff's Class Representative's Payment, the PAGA award, the Settlement Administration costs, and the Individual Settlement Payments to Settlement Class Members.  <u>No later than twenty-eight (28) calendar days</u> before the Final Approval Hearing, the Parties **SHALL FILE** a Motion for Final Approval of Class Action Settlement.  The Motion **SHALL INCLUDE AND ADDRESS** any objections or responses received as of the filing date.

15.    This Settlement is not a concession or admission and shall not be used against Defendants or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Defendants or any of the Released Parties.  Whether the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding, or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be: (a) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by Defendants or any of the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage; or (b) disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Lawsuit, or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the Settlement. The Court's findings are for purposes of conditionally certifying the Class in the context of this Settlement and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against Defendants or any of the Released Parties or in this Lawsuit if the Settlement is not finally approved.  If for any reason the Court does not execute and file a Final Approval Order, or if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, the Settlement Agreement and all evidence and proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the Lawsuit, as more specifically set

/ / /

20-CV-2425 JLS (MDD)

forth in the Proposed Settlement Agreement, and this Order shall be rendered null and void and shall be vacated.

16.    Pending further orders of this Court, the Court **STAYS** all proceedings in this matter except those contemplated in this Order and in the Proposed Settlement Agreement.

17.    The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Class Members.

**IT IS SO ORDERED.**

Dated:  February 1, 2022

Hon. Janis L. Sammartino
United States District Judge

20-CV-2425 JLS (MDD)