UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE CORDOVA, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>                                          Plaintiff,<br>v.<br>BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC.; and DOES 1–10, INCLUSIVE,<br>                                          Defendants. | Case No.: 20-CV-2425 JLS (MDD)<br><br>**ORDER (1) GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR (A) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (B) ATTORNEYS' FEES AND COSTS; AND (2) ENTERING JUDGMENT**<br><br>(ECF Nos. 31 & 32) |

      Presently before the Court are Plaintiff Aimee Cordova's unopposed Motions for (1) Final Approval of Class Action Settlement ("Final Approval Mot.," ECF No. 32) and (2) Attorneys' Fees and Costs ("Fee Mot.," ECF No. 31). Also before the Court is the Declaration of Kevin Lee ("Lee Decl.," ECF No. 32-5) on behalf of the Settlement Administrator. The Court held a hearing on May 26, 2022. *See* ECF No. 34. Because the Settlement is fundamentally fair, reasonable, and adequate, the Court **GRANTS** Plaintiff's unopposed Final Approval Motion. Further, because the requested attorneys' fees and costs are reasonable, the Court **GRANTS** Plaintiff's Fee Motion.

///

## GENERAL BACKGROUND

On November 12, 2020, Plaintiff Aimee Cordova filed a class action suit in California Superior Court alleging violations of California's Labor and Business and Professions Codes as well as the federal Fair Labor Standards Act (the "FLSA") on behalf of forensic analysts employed by Defendants BAE Systems, Inc., and BAE Systems Technology & Services, Inc. (collectively, "Defendants"). *See* Decl. of Taylor Wemmer in Support of Defendants' Notice of Removal, Ex. A (ECF No. 1-3). On December 11, 2020, Defendants removed Plaintiff's Complaint to the United States District Court for the Southern District of California. *See* ECF No. 1 ("Not. of Removal"). Defendants concurrently answered the Complaint. *See* ECF No. 2.

On January 22, 2021, the Parties jointly moved to dismiss Defendant BAE Systems, Inc., without prejudice, *see* ECF No. 18, which motion was granted, *see* ECF No. 19. On June 10, 2021, remaining named Defendant BAE Systems Technology & Services, Inc. ("BAE" or "Defendant") and Plaintiff attended a full-day mediation with mediator Gig Kyriacou during which they reached a settlement on a class basis. ECF No. 27-1 ("Prelim. Approval Mot. Mem.") at 2.[1] On June 14, 2021, the Parties filed a Joint Status Report and Notice of Class Settlement. *See* ECF No. 20. The Parties subsequently filed a Joint Motion for an Order Allowing Plaintiff to File First Amended Complaint, *see* ECF No. 24, which motion also was granted, *see* ECF No. 25. Accordingly, on June 26, 2021, Cordova filed her First Amended Complaint ("FAC," ECF No. 26), which, among other changes, added claims brought under the Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698 *et seq*. ("PAGA"). The instant Motion followed.

Defendant employs forensic analysts in California, including Plaintiff. FAC ¶¶ 4–5. Plaintiff alleges that Defendant misclassified forensic analyst employees as exempt and

---

[1] On July 30, 2021, Plaintiff filed a Notice of Errata noting that the Memorandum of Points and Authorities filed in support of her Unopposed Motion for Preliminary Approval bore an erroneous title, *see* ECF No. 28 ("Notice"), and requesting that Exhibit 1 attached to the Notice "replace Docket No. 27-1," *see id.* at 1. The Court notes that the two Memoranda are substantively identical and thus, for simplicity, the Court cites to ECF No. 27-1.

alleges fifteen causes of action as a result under various provisions of California and federal law:

1. Failure to provide meal periods, violating California Labor Code § 512 (FAC ¶¶ 31–35);
2. Failure to provide rest periods every four hours, violating California Labor Code § 226.7 (FAC ¶¶ 36–40);
3. Failure to pay overtime wages, violating California Labor Code § 1198 (FAC ¶¶ 41–50);
4. Failure to pay overtime wages, violating the FLSA, 29 U.S.C. §§ 201 *et seq.* (FAC ¶¶ 51–56);
5. Failure to provide compliant itemized wage statements, violating California Labor Code § 226(a) (FAC ¶¶ 57–63);
6. Failure to pay timely wages due, violating California Labor Code §§ 201–02 (FAC ¶¶ 64–67);
7. Failure to reimburse business expenses, violating California Labor Code § 2802(a) (FAC ¶¶ 68–71);
8. Unfair competition violations of California Business & Professions Code §§ 17200 *et seq.* (FAC ¶¶ 72–76);
9. Violation of California Labor Code § 226(a), brought under PAGA (FAC ¶¶ 77–81);
10. Violation of California Labor Code §§ 201–03, brought under PAGA (FAC ¶¶ 82–86);
11. Violation of California Labor Code § 510, brought under PAGA (FAC ¶¶ 87–89);
12. Violation of California Labor Code § 512, brought under PAGA (FAC ¶¶ 90–93);
13. Violation of California Labor Code § 226.7, brought under PAGA (FAC ¶¶ 94–98);

14. Violation of California Labor Code § 2802, brought under PAGA (FAC ¶¶ 99–104); and

15. Violation of California Labor Code §§ 558 and 1198, brought under PAGA (FAC ¶¶ 105–09).

On July 30, 2021, Plaintiff filed her Unopposed Motion for Preliminary Approval of Class Action Settlement ("Prelim. Approval Mot.," ECF No. 27.)  On February 1, 2022, the Court granted Plaintiffs' Preliminary Approval Motion. *See generally* ECF No. 30 ("Prelim. Approval Order"). The Parties are now before the Court to seek the Court's final approval of their Settlement and attorneys' fees and costs. *See generally* ECF Nos. 31 & 32.

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Stipulation of Settlement and Release containing more than fifteen pages of substantive terms, *see* Decl. of London D. Meservy in Support of Plaintiff's Unopposed Motion for Preliminary Approval ("Prelim. Approval Meservy Decl.," ECF No. 27-2) Ex. 1 ("Proposed Settlement Agreement"), as well as a Notice of Class, Collective, and Representative Action Settlement, *see* Prelim. Approval Meservy Decl. Ex. 2 ("Proposed Notice").

**I.  Proposed Settlement Class**

The Settlement Class includes "[a]ny and all persons who are or were employed by Defendants[2] as Forensic Analysts (of any level and all similar positions however titled), in the State of California during the Covered Period."  Prelim. Approval Mot. Mem. at 3 (citing Proposed Settlement Agreement ¶¶ 1(A)–(B), 5).  There are thirty-one Class Members.  *Id.* (citing Proposed Settlement Agreement ¶ 1(A)).

/ / /

/ / /

---

[2] The Court notes that although BAE Systems, Inc., was dismissed as a defendant from this action, the Proposed Settlement Agreement, although only executed by Plaintiff and Defendant, repeatedly references "Defendants."  *See generally* Proposed Settlement Agreement.  Accordingly, this Order does the same.

## II.   Proposed Monetary Relief

The Proposed Settlement Agreement provides for a $995,000.00 Maximum Settlement Amount used to pay: (1) Plaintiff's Class Representative's Payment, not to exceed $10,000.00; (2) Class Counsel's attorneys' fee award, not to exceed thirty percent of the Maximum Settlement Amount, or $298,500.00; (3) up to $15,000.00 in Class Counsel costs; (4) a $30,000.00 PAGA award, with $22,500.00 going to the California Labor and Workforce Development Agency (the "LWDA") and $7,500.00 going to the Class Members; and (5) Settlement Administration Costs, estimated not to exceed $3,500.00.  Prelim. Approval Mot. Mem. at 3–4 (citing Proposed Settlement Agreement ¶ 5(C)).  The remaining Net Settlement Amount of at least $645,000.00 shall be distributed to the Settlement Class Members. *Id.* at 4.  The Proposed Settlement Agreement provides that Phoenix Settlement Administrators shall serve as Settlement Administrator. *Id.* (citing Proposed Settlement Agreement ¶ 5(A)).

Each Class Member will receive a portion of the Net Settlement "determined based on their proportionate number of Work Weeks during the Covered Period (i.e., from November 12, 2016 through July 30, 2021)." *Id.* (citing Proposed Settlement Agreement ¶ 9(B)). The Settlement Administrator will calculate the amount "for each Settlement Class Member by multiplying the Net Settlement Amount by a fraction, the numerator of which is the Settlement Class Member's individual total Work Weeks during the Covered Period, and the denominator of which is the total number of Work Weeks of all Settlement Class Members during the Covered Period." *Id.*  Consequently, although payments will vary, if all thirty-one Settlement Class Members participate, the average settlement amount "is estimated to be $20,822.00." *Id.*

In exchange, the Class Members will release their claims for:

> any and all wage-and-hour claims, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, for the following categories of allegations: (a) all claims for failure

>to provide required meal periods; (b) failure to provide required rest periods; (c) failure to pay overtime wages or minimum wage; (d) failure to pay all wages due to discharged and quitting employees; (f) failure to furnish accurate itemized wage statements; (h) failure to indemnify employees for necessary business expenditures incurred in discharge of duties; (i) unfair and unlawful business practices based on the foregoing allegations[;] and (j) any other related civil and statutory penalties, including those recoverable under PAGA ("Class Members' Released Claims"). The Class Members' Released Claims include claims meeting the above definition(s) including those under California Labor Code §§ 201, 202, 203, 226, 226.3, 226.7, 510, 512, 558, 1194, 1198, and 2802; California Bus. & Prof. Code §§ 17200 et seq.; PAGA, California Labor Code §§ 2698 et. seq.; California Code of Civil Procedure § 1021.5; California Civil Code §§ 3287 and 3288; California Industrial Wage Order Nos. 1 through 9, and the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. arising during the Covered Period.

*Id.* at 5 (citing Proposed Settlement Agreement ¶ 2). None of the Maximum Settlement Amount will revert to Defendants. *See* Proposed Settlement Agreement ¶ 2. If any settlement checks remain uncashed 120 days after issuance, the amount will be paid to the California State Controller Unclaimed Property Fund. *See* Prelim. Approval Mot. Mem. at 5 (citing Proposed Settlement Agreement ¶ 9(k)).

## MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

### I. Class Certification

Before granting final approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees). In the present case, the Court already has certified the Settlement Class. *See* Prelim. Approval Order at 6–12.

///

///

## II.  Adequacy of Notice

The Court must also determine that the Class Members received adequate notice. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).  "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Id.*

In its Preliminary Approval Order, the Court preliminarily approved the Parties' Proposed Notice and proposed notification plan. *See* Prelim. Approval Order at 18–19. In support of her Final Approval Motion, Plaintiff has filed the Declaration of Kevin Lee, who is employed as "a Case Manager at Phoenix Settlement Administrators ('Phoenix'), the Court-appointed Class Action Settlement Administrator for *Cordova v. Bae Systems, Inc., et al.* (the 'Class Action')." *See generally* Lee Decl.; *see also id.* ¶ 1. In his declaration, Mr. Lee details the actions taken by Phoenix to provide notice in accordance with the notification plan. *See generally id.* Having reviewed Mr. Lee's declaration, the Court finds that the Settlement Class Members received adequate notice of the Settlement.

## III.  Fairness of the Settlement

The Court must next determine whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(2). Under amendments to Rule 23(e) effective December 1, 2018, district courts must consider the following factors in making this assessment:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

7

20-CV-2425 JLS (MDD)

        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Before the revisions to Rule 23(e), the Ninth Circuit had developed its own list of factors to be considered. *See, e.g.*, *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 964 (9th Cir. 2011) (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). The revised factors were not intended "to displace any factor [developed under existing Ninth Circuit precedent], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment. Accordingly, other factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. This determination is committed to the sound discretion of the trial judge. *Id.*

    In its Preliminary Approval Order, the Court addressed each of the *Hanlon* factors in turn and found that all the pertinent factors weighed in favor of approving the Settlement. *See* Prelim. Approval Order at 12–18. Since then, no Class Member has filed an objection or requested exclusion from the Settlement Class. *See* Lee Decl. ¶¶ 8–9. Because no pertinent facts have changed, the Court reaffirms and incorporates by reference its analysis of the Rule 23(e) requirements as set forth in its Preliminary Approval Order. *See* Prelim.

Approval Order at 12–18.  Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

## IV. Conclusion

Because all the pertinent factors here weigh in favor of approving the Settlement, the Court **GRANTS** Plaintiff's Final Approval Motion.

## MOTION FOR ATTORNEYS' FEES AND COSTS

Class Counsel seek attorneys' fees in the amount of $298,500.00, representing thirty percent of the Maximum Settlement Amount, and reimbursement of litigation costs in the amount of $9,085.11.  ECF No. 32-1 ("Final Approval Mot. Mem.") at 1, 10–11.  Class Counsel also request a Class Representative's Payment in the amount of $10,000.00 for Plaintiff, *see id.* at 12–14, and Settlement administration expenses to Phoenix in the amount of $3,500.00, *see id.* at 14.  Finally, Class Counsel requests approval of a PAGA payment of $30,000.00.  *See id.* at 10.  The Court addresses each of Class Counsel's requests in turn.

## I. Attorneys' Fees

Federal Rule of Civil Procedure 23(h) permits a court to award reasonable attorneys' fees "authorized by law or by the parties' agreement."  The Court has discretion to award attorneys' fees based on "the percentage-of-the-fund method or the lodestar/multiplier approach."  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295–96 (9th Cir. 1994).  The Ninth Circuit has routinely applied the percentage-of-the-fund approach, treating twenty-five percent as the "benchmark."  *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378–79 (9th Cir. 1994).  Despite this benchmark, district courts have discretion to "[a]djust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate."  *Id.* at 379.

Here, Class Counsel seek thirty percent of the $995,000.00 Maximum Settlement Amount, totaling $298,500.00, *see* ECF No. 31-1 ("Fee Mot. Mem.") at 1, which exceeds the Ninth Circuit's twenty-five percent benchmark.  In its Preliminary Approval Order, the Court indicated that, "[a]t th[at] point, without Class Counsel's briefing, the Court f[ou]nd[] no reason to award fees that exceed the Ninth Circuit's 25% benchmark," and

that "Class Counsel w[ould] need to show what special circumstances exist warranting a higher percentage in their motion for attorneys' fees." Prelim. Approval Order at 16.

In their Fee Motion, Class Counsel contend that the requested fees of $298,500.00 are reasonable under either the percentage-of-the-fund or lodestar approach to calculating a reasonable fee. *See* Fee Mot. Mem. at 4–12. Specifically, Class Counsel contend that a departure from the twenty-five percent benchmark under the percentage-of-the-fund approach is warranted given the "exceptional result" obtained for the class, *see id.* at 6; the "substantial risks both on certification and liability," *see id.*; the "required extensive substantive knowledge of California and federal wage and hour legislation, administrative authority, and existing and developing case law," *id.* at 7; the "significant expenditure of Class Counsel's time," *see id.*; the "significant financial risk" involved due to the contingent nature of the case, *see id.* at 8; and the fact that a fee award of thirty percent of the recovery "is directly in line with Ninth Circuit precedent for common fund cases," *see id.* at 8–9 (citations omitted). As for the lodestar method, Class Counsel have worked 352.9 hours on this matter, *see id.* at 10, with hourly rates of $675.00 per hour for Messrs. Meservy and Dente and $575.00 for Mr. Pendergast, *see id.* at 11. Class Counsel contend that the base lodestar of $227,297.50 is justified "[g]iven the complexities of this Lawsuit, vigorous defense, and the work required to achieve a fair, reasonable and adequate Settlement." *Id.* at 10. A multiplier of 1.31 yields the requested fee of $298,500.00, *see id.*, which Class Counsel contend is reasonable for the reasons noted *supra*, *see id.* at 10–11.

Having reviewed the Fee Motion; the Declarations of London D. Meservy ("Meservy Decl.," ECF No. 31-2), Matthew S. Dente ("Dente Decl.," ECF No. 31-3), and Rory K. Pendergast (ECF No. 31-4) in Support of Plaintiff's Fee Motion; and the applicable law, and given the lack of objection from Defendant or any Settlement Class Member, the Court agrees that the fee request in the amount of $298,500.00, or thirty percent of the Maximum Settlement Amount, is reasonable under the circumstances, particularly in light of the favorable results achieved by Class Counsel, the risk Class

Counsel assumed by taking this case on contingency, and the award being in line with fee awards in similar actions. Accordingly, the Court finds that an award of $298,500.00 is reasonable under the circumstances of this case.

## II.  Costs

Although the Proposed Settlement Agreement authorizes Class Counsel to apply for reimbursement of up to $15,000.00 in costs, *see* Proposed Settlement Agreement ¶ 5(C), Class Counsel seek reimbursement for only $9,085.11, *see* Fee Mot. Mem. at 12; Final Approval Mot. Mem. at 1. The requested costs include copying, postage, mediation fees, and filing fees. *See* Meservy Decl. ¶ 29; Dente Decl. ¶ 11. No objections have been made to these costs, and the Court finds that Class Counsel's litigation expenses are typical and reasonable. The Court therefore approves the requested costs reimbursement in the amount of $9,085.11.

## III.  Class Representative's Payment

Incentive awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (citations omitted). In deciding whether to give an incentive award, the Court may consider:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations omitted).

Class Counsel seek a $10,000.00 Class Representative's Payment for named Plaintiff Aimee Cordova. Final Approval Mot. Mem. at 12–14. In its Preliminary Approval Order, the Court preliminarily approved the proposed incentive award but

"request[ed] that Plaintiff provide documentation detailing the time and effort she has expended in pursuit of this litigation and the actions she has taken to benefit the Settlement Class."  Prelim. Approval Order at 17.

In their Final Approval Motion, Class Counsel contend that the requested incentive award is reasonable given that Plaintiff "has been an extremely active and invaluable participant in this Class Action," including "participating in interviews and telephone consultations," "locating and gathering information and documents," and "responding to written inquiries," *see* Final Approval Mot. Mem. at 12; "assumed the risk of a judgment against her and personal liability for an award of costs," *id.* at 13; and "enter[ed] into a Complete and General Release that is much broader than the narrowly tailored Class Member Released Claims," *id*.  No Class Member has objected to the requested incentive award, which represents only 1.005% of the Maximum Settlement Amount.  *See id.* (citing Lee Decl. ¶ 9).  Having considered the relevant factors, the Court finds the requested Class Representative's Payment of $10,000.00 to be reasonable.

### IV. Settlement Administration Expenses

The Settlement further authorizes the deduction of up to $3,500.00 from the Maximum Settlement Amount for the administration costs incurred by the Settlement Administrator.  Proposed Settlement Agreement ¶ 5(C).  Class Counsel seek approval of settlement administration expenses in the amount of $3,500.00 to the Settlement Administrator, Phoenix, *see* Final Approval Mot. Mem. at 14 (citing Lee Decl. ¶ 16).  No objections have been made to these expenses, and the Court finds that the Settlement Administrator's expenses are reasonable.  *See* Lee Decl. Ex. B.  The Court therefore approves the requested administration expenses in the amount of $3,500.00.

### V. PAGA Award

Finally, the Settlement provides for a $30,000.00 PAGA award, with $22,500.00 going to the LWDA and $7,500.00 reverting to the Class Members.  Proposed Settlement Agreement ¶ 5(C).  Plaintiff requests approval of the PAGA award.  Final Approval Mot. Mem. at 1.  No objections have been made to the requested PAGA award, which the Court

finds reasonable. The Court therefore approves the requested PAGA award in the amount of $30,000.00, which the Court finds to be "fair and adequate in view of the purposes and policies of [PAGA]." *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1077 (C.D. Cal. 2017) (quoting *O'Connor v. Uber Techs.*, 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016)).

## VI. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Fee Motion.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's unopposed Motions for (1) Final Approval of Class Action Settlement (ECF No. 32) and (2) Attorneys' Fees and Costs (ECF No. 31). Accordingly, the Court **ENTERS FINAL JUDGMENT** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiff and Class Members.

3. Pursuant to the Preliminary Approval Order, the appointed Settlement Administrator, Phoenix Settlement Administrators, mailed the Class Notice Packet to all Class Members by First Class U.S. Mail. The Class Notice Packet fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. The Class Notice Packet further informed Class Members of the pendency of the Class Action, of the proposed Settlement, of Class Members' right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of the preliminary Court approval of the proposed Settlement, of exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing. Class Members had adequate time to consider this information and to use the procedures identified in the Class Notice Packet.

The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Class Notice Packet provided in the Class Action was the best notice practicable, which satisfied the requirements of law and due process.

4. In response to the Class Notice Packet, zero Class Members objected to the Settlement and zero Class Members submitted a Request for Exclusion from the Settlement.

5. The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the Labor and Workforce Development Agency ("LWDA") fully and adequately complied with the notice requirements of the Private Attorneys General Act ("PAGA"), California Labor Code § 2699(*l*).

6. The Court finds that the Settlement offers significant monetary recovery to all Class Members and finds that such recovery is fair, adequate, and reasonable when balanced against further litigation related to liability and damages issues. The Court further finds that the Parties have conducted extensive and costly investigation, informal discovery, research, and litigation such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Class Action. The Court further finds that the Parties reached the Settlement as the result of intensive, serious, and non-collusive arms-length negotiations. Thus, the Court **APPROVES** the Settlement set forth in the Settlement Agreement; finds that the Settlement is, in all respects, fair, adequate, and reasonable; and directs the Parties to effectuate the Settlement according to its terms.

7. The Court hereby **ORDERS** the Settlement Administrator to distribute the Individual Settlement Payments to Settlement Class Members in accordance with the provisions of the Settlement.

8.  For purposes of this Final Approval Order and for this Settlement only, the Court hereby **CERTIFIES** the following class of Class Members:

> Any and all persons who are or were employed by Defendants as Forensic Analysts (of any level and all similar positions however titled), in the State of California during the Covered Period.

The Covered Period is defined as November 12, 2016, through July 30, 2021.

9.  For purposes of this Final Approval Order and this Settlement only, the Court **APPROVES** the settlement of claims under the PAGA and the payment of $22,500 to the LWDA as the LWDA's share of the Settlement attributable to civil penalties under the PAGA. The Court hereby **ORDERS** the Settlement Administrator to distribute the payment to the LWDA in accordance with the provisions of the Settlement.

10. For purposes of this Final Approval Order and this Settlement only, the Court hereby **CONFIRMS** the appointment of Plaintiff Aimee Cordova as the class representative for the Class Members. Further, the Court **FINALLY APPROVES** the Class Representative's Payment to Plaintiff of $10,000.00 as fair and reasonable. The Court hereby **ORDERS** the Settlement Administrator to distribute the Class Representative's Payment to the Plaintiff in accordance with the provisions of the Settlement.

11. For purposes of this Final Approval Order and this Settlement only, the Court hereby **CONFIRMS** the appointment of London D. Meservy, Meservy Law, P.C., london@meservylawpc.com, 401 West A Street, Suite 1712, San Diego, California 92101, Telephone: 858.779.1276; Matthew S. Dente, Dente Law, P.C., matt@dentelaw.com, 5040 Shoreham Place, San Diego, California 92122, Telephone: 619.550.3475; and Rory K. Pendergast, The Pendergast Law Firm, PC, rory@rorylaw.com, 3019 Polk Avenue, San Diego, California 92104, Telephone: 619.344.8699; as Class Counsel for the Class Members. Further, the Court **FINALLY APPROVES** a Class Counsel's Fees Award of $298,500.00 as fair and reasonable. As well, the Court **FINALLY APPROVES** a Class Counsel Costs Award of $9,085.11 as fair and reasonable. Class Counsel's receipt of the

Class Counsel Fees Award and Class Counsel Costs Award shall fully satisfy all fees and litigation costs incurred by Class Counsel that represented Plaintiff and Class Members in the Class Action.  Defendants' payment of the Court-awarded attorneys' fees and costs shall constitute full satisfaction of Defendants' obligation to pay any person, attorney, or law firm for attorneys' fees, costs, and expenses incurred on behalf of the Plaintiff and the Class Members in the Class Action.  The Court hereby **ORDERS** the Settlement Administrator to distribute the Class Counsel Fees Award and Class Counsel Costs Award payments to Class Counsel in accordance with the provisions of the Settlement.

12. For purposes of this Final Approval Order and this Settlement only, the Court hereby **CONFIRMS** the appointment of Phoenix Settlement Administrators as the Settlement Administrator to administer the Settlement of this matter as more specifically set forth in the Settlement Agreement and further **FINALLY APPROVES** Settlement Administration Costs of $3,500.00 as fair and reasonable.

13. As of the Effective Date, all Settlement Class Members shall be deemed to have released the Released Parties from all Class Members' Released Claims, as defined in the Settlement Agreement.  All Settlement Class Members, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Class Members' Released Claims against the Released Parties.

14. Neither this Final Approval Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendants or any of the other Released Parties of any fault, wrongdoing, or liability whatsoever.  Nor is this Final Approval Order a finding of the validity of any claims in the Class Action or of any wrongdoing by Defendants or any of the other Released Parties.  The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants or any of the other Released Parties and shall not be offered in evidence against Defendants or any of the

Released Parties in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, the Settlement Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Class Action or in any other proceeding this Final Approval Order, the Settlement Agreement, or any other papers and records on file in the Class Action as evidence of the Settlement and to support a defense of res judicata, collateral estoppel, release, waiver, or other theory of claim preclusion, issue preclusion, or similar defense.

15. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendants consistent with the terms of the Settlement, then this Final Approval Order and all orders entered in connection herewith, including, without limitation, any order certifying the class of Class Members or appointing class representatives or Class Counsel, shall be rendered null and void and shall be vacated.

16. Pursuant to the Parties' Settlement Agreement, the Class Action is **DISMISSED WITH PREJUDICE**, for the reasons set forth above, and in accordance with the terms set forth in the Settlement Agreement.

17. Without affecting the finality of this Final Approval Order and Dismissal of the Class Action with Prejudice in any way, this Court hereby **RETAINS** continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement and all orders and judgments entered in connection therewith.

18. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: May 27, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge